IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDRA D. ELLIS, o/b/o J. P. E., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:08cv143WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Sandra D. Ellis (Ellis) applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* (2000), on behalf of her daughter, J.P.E., alleging that J.P.E. was disabled.  Her application was granted on 3 May 2000.  (Tr. 16).  On 3 March 2004, Ellis was notified that the Social Security Administration would perform a continuing disability review (Tr. 40-41).  After a review, on 10 July 2004, Ellis was notified that as of July 2004, J.P.E. was no longer disabled as defined in the Act (Tr. 37-38).  Ellis filed a request for reconsideration (Tr. 49-50).  After a hearing before a State disability hearing officer, Plaintiff was notified that the determination to cease her SSI benefits was affirmed (Tr. 39, 51-78).  Ellis then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ rendered a decision finding that J.P.E. no longer met the disability requirements for SSI.  (Tr. 16-25).  The Appeals Council rejected a subsequent request

for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (the Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the Court for review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Plf.'s Consent to Jurisdiction (Doc. #9);  Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 1382c(a)(3)(C)(I), a person under the age of 18 is disabled (and hence entitled to disability benefits) if the person "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2]  In determining whether to continue a child's disability payments, the ALJ employs the following sequential evaluation process:

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>    (1) Has there been medical improvement?
>
>    (2) Does an impairment or combination of impairments meet or equal the severity of one set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing of Impairments"), that it met or equaled at the time of the most recent favorable decision?
>
>    (3) Is the claimant currently disabled?

*See* 20 C.F.R. § 416.994a (2007).

The standard of review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead, must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

>    [The Court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   DISCUSSION

#### *A.   Introduction*

The claimant was approximately 9 years-old at the time of the hearing before the ALJ. (Tr. 90). Following the administrative hearing, the ALJ determined that there had been medical improvements in the impairments present at the time of J.P.E.'s most recent favorable decision (Step 1). (Tr. 18). Under Step 2, the ALJ determined that the severity of J.P.E.'s impairment for communication problems no longer met or equaled the Listings of Impairments. (Tr. 19). Pursuant to Step 3, the ALJ determined that, while J.P.E. suffered from the severe impairments of pervasive developmental disorder, history of parent child relational problems, low average/borderline intellectual functioning, and history of mild delay of speech/language, such impairments did not result in "marked or severe" functional limitations and did not functionally equal any listed impairment. (Tr. 20-24). Consequently, the ALJ found J.P.E. was not disabled. (Tr. 24).

#### *B.   Ellis's Claims*

The claimant presents only one issue for review: Whether the ALJ failed to accord proper weight to J.P.E.'s treating psychologist.

#### *C.   Analysis*

Ellis argues the ALJ improperly discounted treating psychologist Dr. Barnes's

diagnosis, and that the medical evidence in the record did not conclusively counter her opinion. Ellis also appears to argue that the ALJ improperly gave controlling weight to non-examining psychologist, Dr. Garner.

The opinion of the claimant's treating psychologist[3] must be afforded substantial and considerable weight by the ALJ unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed. App'x 741, 643 (11th Cir. 2008).

Here, the ALJ did clearly articulate his reasons for giving less weight to the opinion of J.P.E.'s treating psychologist, and those reasons are supported by substantial

---

[3] The Court of Appeals for the Eleventh Circuit treats psychologists like physicians for purposes of according weight to their opinions. *See, e.g., Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155 (11th Cir. 2004).

evidence. Specifically, the ALJ articulated that Dr. Barnes's opinions were not consistent with her treatment notes and were not supported by other evidence in the record.

Dr. Barnes opined that Plaintiff had "marked" limitations of her ability to interact and relate to others and care for herself (Tr. 20). She also indicated that J.P.E. had "marked" inattention and impulsiveness and "moderate" hyperactivity. *Id*. However, Dr. Barnes's Child Development and Functioning Rating Form, completed 18 October 2006, found J.P.E. to have a less than "marked" limitation in development and functioning.

The record evidence in this case is replete with evidence contradictory to Dr. Barnes's findings. In his opinion, the ALJ articulated many such instances of contradictory evidence. For example, the ALJ found it significant that J.P.E.'s school teacher reported that: (1) J.P.E. was tested for special education classes in 2000 and 2002 and did not qualify; (2) J.P.E. was a "great student" with great academic skills; and (3) J.P.E. suffered from no restrictions in the development or functioning areas. (Tr. 22).

Similarly, the other medical evidence in this case did not support Dr. Barnes's findings. Dr. Gardner, a non-examining psychologist testified at the hearing that Dr. Barnes's notes were not consistent with her own opinion. (Tr. 20). Dr. Gardner also testified that J.P.E. did not meet or equal any listings and had no marked limitations. *Id*. Dr. Clark, an examining psychologist, found J.P.E. to be mildly impaired in

concentration, persistence, and pace.[4]  (Tr. 21).  Dr. Warren, a non-examining physician, found that J.P.E. had a less than marked limitation in intellectual functioning and no limitation in behavioral functioning.  *Id*.  On 9 July 2004, after reviewing J.P.E.'s medical records, he opined that J.P.E. was medically improving and her only limitation was a less than marked limitation in acquiring and using information.  (Tr. 20).

The ALJ also articulated inconsistencies in Dr. Barnes's treatment notes versus her diagnosis.  For example, on 18 October 2006, Dr. Barnes completed a Child Development form and Attention Deficit Hyperactivity Disorder (ADHD) form.  The ALJ found the opinions given in those forms relating to J.P.E.'s development and functional levels to be inconsistent with each other.  (Tr. 22).  The ALJ also found them inconsistent with the assessment of J.P.E.'s school teacher, who stated that J.P.E.'s performance and behavior were consistent with her grade level.  *Id*.  Further, although Dr. Barnes's opinion was that J.P.E. had marked limitations in her ability to care for herself and interact with others, Dr. Barnes's treatment notes indicate that J.P.E. was able to help out with chores and dress herself, was progressively becoming a better communicator at home, and was not having behavioral problems at school.  (Tr. 23).

Thus, the ALJ's clear articulation of his reasons for giving less weight to the

---

[4] Dr. Clark noted that Plaintiff only acted out in the presence of her mother and opined that the behavioral difficulties exhibited at home were indicative of a parent-child relational problem (Tr. 22).  As the Commissioner noted in his brief, J.P.E.'s "teachers rated [her] behavior as 'above average' and 'superior,' but her mother reported symptoms consistent with 'severe autism' (Tr. 16)."  Def. Brief (Doc. #16 at 7).

opinion of Dr. Barnes, because her opinions were not consistent with her treatment notes and not bolstered by other evidence in the record, is supported by substantial evidence.

Further, Plaintiff's claim that the ALJ improperly substituted Dr. Gardner's opinion for that of Dr. Barnes is not supported by the record. As demonstrated above, the ALJ considered many sources other than Dr. Gardner's opinion, including examining physicians and psychologists, non-examining psychologists, J.P.E.'s teacher,[5] J.P.E.'s mother's testimony, and the medical record evidence.

Accordingly, the ALJ did not error when he properly accorded Dr. Barnes less weight.

## IV. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes the ALJ's non-disability determination and denial of benefits is supported by substantial evidence. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 22nd day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Social Security Ruling (SSR) 06-03p, provides that opinions from non-medical sources, such as teachers, can be entitled to significant weight.